IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANDRA LEE HOPELY | : CIVIL ACTION |
| | : |
| v. | : |
| | : |
| | : NO. 15-2755 |
| CAROLYN W. COLVIN, ACTING | : |
| COMMISSIONER OF THE SOCIAL | : |
| SECURITY ADMINISTRATION | : |

## ORDER

**AND NOW,** this 29th day of March 2016, upon consideration of Plaintiffs' Request for Review (ECF Doc. No. 15), Defendant's response, oral argument and extensive review of the administrative record and Judge Timothy R. Rice's detailed February 12, 2016 Report and Recommendation (ECF Doc. No. 19), it is **ORDERED**:

1. Judge Rice's Report and Recommendation is **APPROVED** and **ADOPTED**;

2. Plaintiff's Request for Review is **GRANTED**;

3. We forthwith **REMAND** to the Commissioner for **expedited** assignment and **expedited** review by the **same** Administrative Law Judge who shall specifically address the credibility of the treating and examining physicans and whether Ms. Hopely's lack of competitive work, ability to cope with basic work tasks, significant social deficits, physical impairments, and difficulty to accept direction on independent living skills, as well as her valid full scale IQ of sixty-nine (69), warrant the immediate granting of benefits;

4. The findings of the Administrative Law Judge are due **no later than October 3, 2016** unless the Commissioner shows extraordinary good cause through a timely sworn certification as to why review of Ms. Hopely's claims cannot be resolved by October 3, 2016;[1] and,

5. Counsel for the Commissioner shall file a status report on the progress of the expedited assignment and review under this Order on **May 20, 2016, July 20, 2016 and, if not resolved, September 20, 2016.**

_____
KEARNEY, J.

---

[1] We are particularly concerned with any undue delay in the expedited review. Ms. Hopely has waited long enough for a determination based on the Law. We remand for **expedited** further proceedings only because of our deference to the ALJ's expertise. We appreciate the extraordinary burden of the caseload upon an ALJ but the interests of justice require immediate attention to Ms. Hopely's claim and failing to strictly comply with our Order may result in our hearing upon a rule to show cause as to why benefits should not be directed due to a delay in processing Ms. Hopely's detailed claim now pending for several years. As confirmed by its counsel at oral argument, we expect the Social Security Administration including its Appeals Council and ALJ will strictly adhere to this remand order, including the deadlines, knowing deviation from this mandate constitutes legal error. *Mefford v. Gardner*, 383 F.2d 748, 758 (6th Cir. 1967).